2010 BNH 011
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                                             Bk. No. 09-13568-MWV
                                                                                                                                      Chapter 7

Seff Enterprises & Holdings, LLC,
                              Debtor

*William Aivalikles, Esq.*
LAW OFFICE OF WILLIAM E. AIVALIKLES
*Attorney for Debtor*

*Robert S. Carey, Esq.*
ORR & RENO, P.A.
*Attorney for Antonia Shelzi*

*Frank G. Meanor, Jr., Esq.*
*Attorney for Bedford Design Consultants, Inc.,*
*Louis A. Maynard, and John A. Brown Excavating, LLC*

## MEMORANDUM OPINION

The Court has before it a motion filed by Antonia Shelzi ("Shelzi") seeking to dismiss, abstain, or grant relief (the "Motion") (Ct. Doc. No. 33) from an involuntary petition filed by petitioners Bedford Design Consultants, Inc. ("Bedford Design"), Louis A. Maynard, and John A. Brown Excavating, LLC (collectively, the "Creditors"), against Seff Enterprises & Holdings, LLC (the "Debtor"). The petition was filed on September 15, 2009. Shelzi's Motion seeks dismissal, abstention, or relief from the petition under 11 U.S.C. §§ 707(a), 305(a)(1), and 362(d), respectively.[1] On February 9, 2010, the Court held a hearing on the Motion and took the matter under advisement. For the reasons discussed below, the Court grants the Motion, and the petition is dismissed pursuant to 11 U.S.C. § 305(a)(1).

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On May 21, 2009, Joseph A. Foistner ("Foistner"), in his alleged capacity as managing member of the Debtor, filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on behalf of the Debtor. On July 14, 2009, Shelzi filed a motion to dismiss, abstain, or, in the alternative, for relief from the stay seeking to dismiss the voluntary bankruptcy petition. The feud between Foistner and Shelzi reaches back far beyond this bankruptcy case.

Shelzi purports that she and Foistner each hold a fifty percent membership interest in the Debtor. Shelzi alleges that the Debtor's operating agreement required the consent of all members prior to filing the first bankruptcy petition. Foistner, on the other hand, contends that as a manager, he had the authority to enter into bankruptcy on behalf of the Debtor. Additionally, Foistner asserts that Shelzi was removed from her position as a member of the Debtor. Prior to the filing of the first petition, Shelzi commenced an action in Hillsborough Country Superior Court, Northern District (the "state court action"), in 2005 against Foistner to recapture property for the Debtor. The state court action involves the dispute as to whether Shelzi is a member of the Debtor. A trial in the state court action was set to begin in June 2009. However, the state court action was stayed due to commencement of the first bankruptcy petition. After careful consideration, this Court entered an opinion on August 26, 2009, finding that the first bankruptcy petition was essentially a two party dispute between Foistner and Shelzi, and it would be in the best interests of the creditors and Debtor that the case be dismissed pursuant to § 305(a)(1). Subsequently, on September 15, 2009, the Creditors filed an involuntary petition against the Debtor under Chapter 7 of the

Bankruptcy Code. Shelzi, holding a purported fifty percent membership interest in the Debtor, requests that the Court dismiss, abstain, or grant relief so that she may pursue her state court action.

### DISCUSSION

As discussed in this Court's opinion dismissing the Debtor's voluntary petition, § 707(a) is inapplicable to the case at hand. In re Seff Enterprises & Holdings, LLC, 2009 WL 2843308 1, 1-2 (Bankr. D.N.H. 2009). Section 305(a)(1) permits the Court to dismiss a case if "the interests of the creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). Dismissing a case under § 305(a)(1) is a discretionary decision made by courts on a case-by-case basis. In re Fortran Printing, Inc., 297 B.R. 89, 94 (Bankr. N.D. Ohio 2003). Factors to consider in dismissal under § 305(a)(1) include: (1) the purpose of the bankruptcy, (2) availability of a more appropriate forum to decide the unsettled issues, (3) efficiency and economy of administration, and (4) the interest of the creditors and debtor. See In re Deacon Plastics Mach., Inc., 49 B.R. 982, 982 (Bankr. D. Mass. 1985); In re Nesenkeag, Inc., 131 B.R. 246, 247 (Bankr. D.N.H. 1991). In deciding whether to dismiss the case under § 305(a)(1), the Court considered all documents of record including both of the adversary proceedings filed.

### I.     Purpose of the Bankruptcy

Chapter 7 cases, in which the debtor is a business, serve a very limited purpose. In such a case, the debtor receives no discharge, and the "fresh start" policy of bankruptcy is not achieved. In re Amercian Telecom Corp., 304 B.R. 867, 869 (Bankr. N.D. Ill. 2004). The Creditors oppose the motion to dismiss on the belief that Foistner engaged in pre and post-petition fraudulent transfers. Although the Debtor was forced into involuntary bankruptcy by the Creditors, the underlying bases for dismissal of the voluntary case remain just as pertinent now as they did on August 26, 2009. As soon as the Debtor is in bankruptcy, all assets belonging to the Debtor become property of the Chapter 7 Trustee. On February 10, 2010, the Chapter 7 Trustee filed both a Report of No Distribution (Ct. Doc. No. 42) and her

non-objection to dismissal of the bankruptcy case stating that she "determined that there are no assets to be administered for the benefit of the bankruptcy estate." It appears then, that the Chapter 7 Trustee has come to the conclusion that there are no bankruptcy causes of action that would recover property for the estate.

### II. Availability of a More Appropriate Forum to Decide the Unsettled Issues

Two adversary proceedings that remain in this case: (1) Seff Enterprises & Holdings, LLC, et al. v. Butler Bank, Inc., et al. (the "Butler Bank Case") and (2) Bedford Design Consultants, Inc. v. Butler Bank, Inc. (the "Bedford Design Case"). In the Butler Bank Case, the Debtor claims that the Defendants committed bank fraud and violated the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act. Thus, all of the claims in the Butler Bank Case are "non-core" since the claims are neither created by nor determined by the bankruptcy code, and the Butler Bank Case can be pursued outside of the bankruptcy court. Since the claims do not "arise in" or "arise under" the bankruptcy code, litigation would be more appropriate in a different forum such as state court. At any rate, the Defendants in the Butler Bank Case have requested a jury trial. In the event that request is granted, the case will be argued in a forum other than this Court.

The Bedford Design Case involves two non-debtor parties and alleges violations of the New Hampshire Consumer Protection Act, violations of the common law claims of breach of duty of a constructive trust and breach of duty to a third party beneficiary in contract, and a claim for equitable subordination. Again, the claims in the Bedford Design Case are all "non-core." While Bedford Design argues that its equitable subordination claim directly relates to the bankruptcy case, it seeks to subordinate Butler Bank, Inc.'s ("Butler Bank"), claim to that of Bedford Design's claim. Therefore, the claim will not benefit all creditors; it will only benefit Bedford Design. As with the Butler Bank Case, a request for a jury trial was made in the Bedford Design Case. Likewise, if that request is granted, the case will be heard in a different forum. Efficiency and economy support the fact that state court would be a more

suitable forum for the Bedford Design Case. Dismissal will not prevent the parties from litigating the adversary proceedings elsewhere. In fact, "[w]hen the only asset of a bankruptcy estate is a lawsuit . . . that the creditors themselves can pursue, no purpose is served in keeping the bankruptcy case alive . . . ." In re Int'l Zinc Coatings & Chemical Corp., 355 B.R. 76, 87 (Bankr. N.D. Ill. 2006).

### III. Oddities of the Bankruptcy Case

At least two of the filing creditors are atypical from creditors normally seen in bankruptcy cases. Bedford Design allegedly provided services to the Debtor beginning in 2001 until the present. (Ct. Doc. 1 in Adv. Proc. No. 09-1169-MWV). In exchange for those services, the Debtor issued a promissory note in July 2005 to Bedford Design and executed a mortgage as security for the promissory note. Id. Prior to entering into the promissory note and mortgage with Bedford Design, the Debtor executed a first mortgage on the same property in favor of Butler Bank in April 2005. Id. Per the terms of the agreement between the Debtor and Butler Bank, Butler Bank was to payoff the debt owed by the Debtor to Bedford Design. Id. The debt owed to Bedford Design has allegedly gone unfulfilled since 2005, yet Bedford Design waited almost five years until 2009 to force the Debtor into bankruptcy.

Louis A. Maynard, another petitioning creditor, held a fifty percent interest in the Debtor from 2000 until 2002. (Ct. Doc. No. 1 in Adv. Proc. No. 09-1154-MWV). During that time, Mr. Maynard exclusively maintained all checkbooks and accounting records for the Debtor. Id. Also interesting to note, Foistner appears to have prepared the affidavits of Robert Baskerville, president of Bedford Design, and Louis A. Maynard that were to be filed in the state court action between Shelzi and Foistner. (Ex. D,E,F to Ct. Doc. No. 34). It seems then that the reason these two creditors filed the bankruptcy petition was motivated by a desire to litigate in federal Court.

The goals of the Bankruptcy Code are not served where there are no assets to distribute to creditors, litigation can continue outside of the bankruptcy court, and keeping the bankruptcy case open would only create unnecessary administrative costs. Accordingly, the Court believes it is in the best

interests of all creditors and the Debtor that this case be dismissed pursuant to § 305(a)(1). As a result, all adversary proceedings are also dismissed.

## CONCLUSION

For the foregoing reasons, Shelzi's motion to dismiss, abstain, or for relief from stay (Ct. Doc. No. 33) is granted insomuch as the case is dismissed pursuant to 11 U.S.C. § 305. Both adversary proceedings are also dismissed. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order and final judgments consistent with this opinion.

DATED this 26th day of February, 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge